CNA COVERAGE LITIGATION GROUP
ROBERT C. CHRISTENSEN, Bar No. 151296
Email: robert.christensen@cna.com
555 12th Street, Suite 600
Oakland, CA 94607
Telephone: (510) 645-2300 (Main)
(510) 645-2306 (Direct)
Facsimile: (510) 645-2323

Attorneys for Defendant Valley Forge Insurance Company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MARCO, LLC., a California limited liability company; dba PETER MARCO JEWELRY, <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY FORGE INSURANCE COMPANY, and DOES 1-25, <br><br> Defendants. | Case No. 2:19-cv-07047-CAS-SK <br><br> **ANSWER TO COMPLAINT** |

Defendant Valley Forge Insurance Company ("Defendant"), by its undersigned counsel, hereby answers and responds to Plaintiff Peter Marco, LLC dba Peter Marco Jewelry's ("Plaintiff") Complaint as follows:

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is a registered as a limited liability company in California, and that Defendant is incorporated in the state of Pennsylvania and has a principal place of business in Chicago, Illinois.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge or

information sufficient to form a belief of the allegations contained in Paragraph 2, and on that basis denies those allegations.

3. In answer to Paragraph 3, Defendant admits that Plaintiff is a registered as a limited liability company. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph, and on that basis denies those remaining allegations.

4. In answer to Paragraph 4, Defendant admits that it is incorporated in the state of Pennsylvania and has a principal place of business in Chicago, Illinois. Defendant denies the remaining allegations of Paragraph 4.

5. In answer to Paragraph 5, Defendant admits that it entered into an insurance contract with Plaintiff, bearing policy number 4018216338 with a policy period of May 18, 2018 to May 18, 2019 with Plaintiff (the "Policy"). Paragraph 5 contains legal conclusions to which no response is required. Defendant avers that the Policy speaks for itself. Except as expressly admitted or averred, Defendant denies the allegations in Paragraph 5.

6. In answer to Paragraph 6, Defendant admits that it entered into Policy with Plaintiff. Defendant avers that the Policy speaks for itself. Except as expressly admitted or averred, Defendant denies the allegations in Paragraph 6.

7. Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's counsel sent correspondence dated November 16, 2018 to Defendant. The November 16, 2018 correspondence speaks for itself. Defendant denies the remaining allegations of Paragraph 7.

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it sent September 28, 2018 correspondence to Plaintiff. The September 28, 2018 correspondence speaks for itself. Defendant denies the remaining allegations of Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief of the allegations contained in Paragraph 9, and on that basis denies those allegations.

10. Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it sent January 30, 2019 correspondence to Plaintiff. The January 30, 2019 correspondence speaks for itself. Defendant denies the remaining allegations of Paragraph 10.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's counsel sent correspondence dated April 9, 2019 to Defendant. The April 9, 2019 correspondence speaks for itself. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief of the allegations contained in Paragraph 12, and on that basis denies those allegations.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant incorporates by reference Paragraphs 1-13, as if set forth fully herein.

15. In answer to Paragraph 15, Defendant admits that it entered into the Policy with Plaintiff. Defendant avers that the Policy speaks for itself. Except as expressly admitted or averred, Defendant denies the allegations in Paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief of the allegations contained in Paragraph 16, and on that basis denies those allegations.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant incorporates by reference Paragraphs 1-18, as if set forth fully herein.

20. Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the allegations provide a basis for the relief requested in the Complaint.

For further and separate affirmative defenses to the Complaint, and each count therein, Defendant allege as follows:

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff has failed to allege facts sufficient to state any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims and rights against Defendant, if any, are barred by the terms, conditions, limitations, and/or exclusions in the Policy.

### THIRD AFFIRMATIVE DEFENSE

25. There was a single "occurrence" with respect to the claim made by Plaintiff, and thus Defendant has no further obligation to Plaintiff for its loss under the Policy.

### FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred because Defendant acted in a reasonable and good faith manner in investigating, considering and evaluating Plaintiff's request for coverage under the Policy.

### FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims may be barred or limited to the extent that Plaintiff's failed to minimize, mitigate, or avoid any alleged or actual damage.

///

///

## SIXTH AFFIRMATIVE DEFENSE

28. Defendant reserves the right to supplement the foregoing defenses and to raise additional defenses as may appear as this case progresses to the full extent allowed by law.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by its Complaint against Defendant;
2. For a declaration that Defendant has no obligation to pay additional amounts for the subject loss;
3. For costs of suit;
4. For attorneys' fees; and
5. For such other and further relief as the Court may deem equitable and just.

DATED: September 9, 2019         CNA COVERAGE LITIGATION GROUP

                                 By: /s/ Robert C. Christensen
                                     ROBERT C. CHRISTENSEN

                                 Counsel for Defendant VALLEY FORGE INSURANCE COMPANY